DENNIS J. O'BRIEN, PLAINTIFF-APPELLEE, v. STRAIGHT FILAMENT LAMP COMPANY, DEFENDANT-APPELLANT.

Argued March 24th, 1914—Decided June 15, 1914.

Where a factory superintendent, under a contract of employment for a term of five years, is, before the termination of that period, forcibly excluded, continuously for a considerable time, by his employer from the factory and the place where his work has to be done, and his salary is stopped, he may consider himself discharged, and if his conduct has not justified discharge, may recover damages for the breach of his contract of employment.

On appeal from the Supreme Court.

For the plaintiff-appellee, *Samuel Koestler.*

For the defendant-appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

WHITE, J.    This is an action for damages for the breach of a contract of employment.

The plaintiff-appellee, the inventor and patentee of an electric lamp, entered into a contract, in writing, with the defendant-appellant, which. after reciting the organization of the defendant company for the purpose of manufacturing and exploiting said electric lamp, and the fact that by reason of said circumstances the services of the plaintiff were of unusual and unique value to defendant company, provided that the defendant company thereby employed the plaintiff as its factory superintendent, with general supervision over the manufacture of said lamp, subject to the control and direction of the officers of the company, for a term of five years, at a salary of $200 per month.   There was ample evidence (most of it uncontradicted) which, if believed, would establish the following facts, viz., that plaintiff entered into this employment and continued therein for about a year; that another man, Heebner, was then made superintendent and plaintiff was directed to take entire charge of the laboratory; that upon his objecting to this he was persuaded by the defendant to consent to it on the representation that it did not impair his contract of employment, but would improve the efficiency of the manufacturing department and consequently benefit all the stockholders, of whom plaintiff was one; that shortly after obtaining this consent, the defendant dismantled the old laboratory room in the factory and then proceeded in a desultory manner during a period of about four months to go through the pretence of fitting up a new laboratory room, which, however, it never completed; that at about the expiration of this four months it discharged the plaintiff, stopped

his salary and forcibly excluded him from the factory and from the laboratory; and that plaintiff has made proper but unsuccessful effort to get other employment.

On the part of the defendant. it is contended that it did not discharge the plaintiff, but only suspended him and his salary pending his non-compliance with its reasonable directions, or if what it did amounted to a discharge such discharge was justified by plaintiff's failure to obey its reasonable directions. The directions in question were in writing and the trial judge ruled that they were reasonable. The material one was by the treasurer of the company, as follows: "On behalf of the president and committee I respectfully ask you to forward to the committee a statement of material furnished by the factory to the laboratory and the amount of material used in the laboratory work * * * since the 1st day of February last." To this the plaintiff replied, in writing: "As to the material used, or supplied the laboratory since February. I asked for a list of it about a month ago. I was informed by Mr. Weber, Mr. Heebner's assistant, that he would furnish me with one, but to date I have not received it." Mr. Heebner was the new superintendent of the factory, and the evidence indicated that the records of the materials issued from the factory to the laboratory were under his exclusive charge. It, therefore, was clearly a question of fact under the circumstances disclosed by the evidence whether the plaintiff had or had not been afforded proper opportunity to comply with this direction, and this question the learned trial judge very properly left to the jury.

If the plaintiff did all that he was bound to do in performance of his contract, the action of the defendant in excluding him from the premises, not once, but daily, for a long period of time, until he stopped coming, and forcibly preventing him from going to the place where he had to perform his work, and cutting off his salary, was tantamount to a discharge, and the learned trial judge was right in so holding.

We find no error in the record and the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 10.

*For reversal*—None.